UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IGNACIO RODRIGUEZ AVILES, | 1:12-CV-01572 AWI GSA HC |
| Petitioner, | ORDER DISMISSING PETITION WITH LEAVE TO FILE AMENDED PETITION |
| v. | ORDER DIRECTING CLERK OF COURT TO PROVIDE PETITIONER WITH BLANK HABEAS PETITION |
| FRESNO COUNTY SUPERIOR COURT, | |
| Respondent. | ORDER DIRECTING PETITIONER TO FILE AMENDED PETITION |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On September 25, 2012, Petitioner filed the instant petition for writ of habeas corpus in this Court. Petitioner challenges his 2011 conviction in Fresno County Superior Court for robbery with use of a deadly weapon. He is serving a total determinate sentence of 6 years.

**DISCUSSION**

A.  Procedural Grounds for Summary Dismissal

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  See Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

B.  Failure to State a Discernable Claim

Petitioner must state his claim with sufficient specificity. See Hendricks v. Vasquez 908 F.2d at 491-92; Wacht v. Cardwell, 604 F.2d 1245, 1246-47 (9th Cir.1979). Rule 2(c) of the Rules Governing Section 2254 Cases (emphasis added) states:

> The petition must:
> (1) *specify all the grounds for relief available to the petitioner;*
> (2) *state the facts supporting each ground;*
> (3) state the relief requested;
> (4) be printed, typewritten, or legibly handwritten; and
> (5) be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

The instant petition does not specify any grounds for relief.  It is comprised of a sample habeas petition which Petitioner has attached his name to, but is completely unrelated to his case, and a discussion of facts and evidence with no specific claims.  The petition is clearly deficient.  It is not the province of a federal habeas court to conduct an independent review of Petitioner's state court proceedings to determine what federal claims Petitioner seeks to raise; the burden to assert a claim for relief belongs to the petitioner.

C.  Failure to State a Cognizable Federal Claim

The basic scope of habeas corpus is prescribed by statute.  28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.*

(emphasis added).  See also, Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court.  The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484

1  (1973).

2  Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must
3  demonstrate that the adjudication of his claim in state court

> resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

7  28 U.S.C. § 2254(d)(1),(2).

8  In the instant case, Petitioner fails to state a cognizable federal claim. As previously stated, the petition does not set forth specific grounds for relief. Rather, the petition contains a discussion of facts, evidence, and instances in the trial that he suggest might be improper. Petitioner attempts to point out various inconsistencies in the evidence and the testimonies of several witnesses. To the extent that Petitioner desires the federal court to reconsider the evidence and redetermine the credibility of the various witnesses, this is improper. A federal habeas court cannot reweigh the evidence or redetermine issues of credibility resolved by the jury. See Bruce v. Terhune, 376 F.3d 950, 958 (9th Cir.2004) (federal habeas court could not revisit jury's resolution of inconsistencies between victim's account and those of other witnesses); United States v. Franklin, 321 F.3d 1231, 1239–40 (9th Cir.2003) (court does not "question a jury's assessment of witnesses' credibility" but rather presumes that the jury resolved conflicting inferences in favor of the prosecution); Jones v. Wood, 207 F.3d 557, 563 (9th Cir.2000) (although evidence was "almost entirely circumstantial and relatively weak," questions of credibility were for the jury, and prosecution evidence, if believed, sufficed to support conviction).

Petitioner also raises a number of other issues such as trial court rulings, procedural issues, and presentation of exhibits. He does not raise a specific claim with respect to any of these issues. He suggests they may be improper but he does not state why, let alone how they violated the Constitution. Again, it is Petitioner's burden to demonstrate a violation of his constitutional rights. See Bernier v. Moore, 441 F.2d 395, 396 (1st Cir.1971) ("Habeas corpus is a special proceeding to right wrongs, not a routine procedure to search for them, nor a means of requiring the federal courts to review, as a matter of course, state proceedings.").

D.  Failure to Name a Proper Respondent

A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of him as the respondent to the petition.  Rule 2 (a) of the Rules Governing § 2254 Cases; Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).  Normally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992); see also, Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). However, the chief officer in charge of state penal institutions is also appropriate. Ortiz, 81 F.3d at 894; Stanley, 21 F.3d at 360. Where a petitioner is on probation or parole, the proper respondent is his probation or parole officer and the official in charge of the parole or probation agency or state correctional agency.  Id.

In this case, Petitioner names the Fresno County Superior Court as Respondent.  This is not a proper respondent.  Petitioner's failure to name a proper respondent requires dismissal of his habeas petition for lack of jurisdiction. Stanley, 21 F.3d at 360;  Olson v. California Adult Auth., 423 F.2d 1326, 1326 (9th Cir. 1970); see also, Billiteri v. United States Bd. Of Parole, 541 F.2d 938, 948 (2nd Cir. 1976). However, the Court will give Petitioner the opportunity to cure this defect by amending the petition to name a proper respondent, such as the warden of his facility.  See West v. Louisiana, 478 F.2d 1026, 1029 (5th Cir.1973), *vacated in part on other grounds*, 510 F.2d 363 (5th Cir.1975) (en banc) (allowing petitioner to amend petition to name proper respondent); Ashley v. State of Washington, 394 F.2d 125 (9th Cir. 1968) (same).

E.  Exhaustion

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991); Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

In this case, Petitioner fails to state any claims for relief. Therefore, it is not known whether he has exhausted any federal claims in the California Supreme Court. The Court will grant Petitioner an opportunity to file an amended petition raising specific claims for relief. However, Petitioner is advised that he must raise only those federal claims that he has exhausted in the state courts. If he presents federal claims which have not been fully exhausted, the petition will be dismissed. 28 U.S.C. § 2254(b)(1).

In sum, Petitioner fails to specify any cognizable grounds for relief; he fails to name a proper respondent; and he fails to demonstrate exhaustion of his state remedies. He will be granted an opportunity to file an amended petition to cure these defects. Petitioner is forewarned that failure to file an amended petition in compliance with this Order will result in dismissal of the petition.

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) The petition for writ of habeas corpus is DISMISSED with leave to amend;

2) Petitioner is GRANTED thirty (30) days from the date of service of this Order to file an amended petition in accordance with this Order;

3) The Clerk of Court is DIRECTED to send Petitioner a blank habeas form petition.


IT IS SO ORDERED.

Dated:   February 12, 2013                 /s/ Gary S. Austin
                                    UNITED STATES MAGISTRATE JUDGE