UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IGNACIO RODRIGUEZ AVILES, ) | 1:12-cv-01572 AWI GSA HC |
| ) | |
| Petitioner, ) | ORDER DENYING MOTION FOR |
| ) | RECONSIDERATION |
| v. ) | |
| ) | [Doc. #25] |
| RON DAVIS, Warden, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On March 18, 2013, the Magistrate Judge issued a Findings and Recommendation that recommended the petition be dismissed without prejudice for failure to exhaust state remedies. On May 2, 2013, the undersigned adopted the Findings and Recommendation in full and dismissed the petition without prejudice.

On June 10, 2013, Petitioner filed a motion for reconsideration pursuant to Federal Rules of Civil Procedure § 60(b).

Rule 60(b) of the Federal Rules of Civil Procedure provides:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
  (1) mistake, inadvertence, surprise, or excusable neglect;
  (2) newly discovered evidence that, with reasonable diligence, could not
    have been discovered in time to move for a new trial under Rule 59(b);

1

   (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
   (4) the judgment is void;
   (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
   (6) any other reason that justifies relief.

  Petitioner's arguments do not merit reconsideration of the dismissal. Petitioner contends he is innocent of the crime and complains that the Court has unfairly refused to consider his claims. As previously stated, the claims are unexhausted. Petitioner must first present his claims to the state courts including the California Supreme Court prior to presenting them to the federal courts. See 28 U.S.C. 2254(b)(1). The state courts must be given the first opportunity to correct the alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991).

  Accordingly, Petitioner's motion for reconsideration is DENIED.

IT IS SO ORDERED.

Dated:   July 30, 2013        _____
                 SENIOR DISTRICT JUDGE

2